IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| V.                                                           ) | No. 4:17CR00145 BSM |
| ) | |
| EDGAR K. RIDDICK                       ) | |

**<u>MOTION TO SUPPRESS EVIDENCE FROM CHATSTEP THAT EXCEEDED SCOPE OF THE WARRANT</u>**

A state court judge issued a search warrant directing that Chatstep, a chatroom conferencing platform, provide any and all information it had about a user that accessed Chatstep on a specific day with a specific IP address. Chatstep, it appears, produced evidence that exceeded the scope of the warrant. Riddick, through his attorneys, J. Blake Hendrix and Annie Depper of Fuqua Campbell, P.A., contends the evidence should be suppressed.

**I.**

On February 14, 2017, Amber Kalmer, a detective with the Little Rock Police Department, applied to Little Rock District Judge Alice Lightle for a search warrant for "any and all information, data and/or content associated with the personal cloud storage user account connected to the Chatstep account for screen/user name: Mom45 Room: Nude Port: 49823 and IP address: 2601:381:8105:1e30:864:e60c:13ed:ea05 (herein "IP ea05")[.]"

To establish probable cause for the warrant, Kalmer's affidavit asserted that Chatstep reported to the National Center for Missing and Exploited Children ("NCMEC") that a user with the screenname "Mom45" used IP ea05 to upload an image of suspected child pornography into a chatroom labeled "Nude" on December 23, 2016. Kalmer's affidavit also asserted that Chatstep reported to NCMEC that an individual using the screenname "Missy" uploaded an image of suspected child pornography into a chatroom labeled "Nuderoom" on May 30, 2016. The affidavit

did not include an IP address used to upload the image. The probable cause section of the affidavit concluded by stating that Kalmer viewed one of the images and confirmed it was child pornography and a Detective Koonce viewed the other, also concluding it was child pornography.

Based on this information, the state judge issued a search warrant to Chatstep. The warrant stated, "You are hereby commanded and directed to search [] within thirty (30) days, the business within Chatstep account for screen/user name: Mom45 Room Nude Port: 49823 and IP address: 2601:381:8105:1e30:864:e60c:13ed:ea05[.]"

In response to the warrant, Chatstep provided Kalmer on February 19, 2017, a one-page document of data relating to a user named Mom45 that entered the Nude chatroom using IP ea05. The record contained the following entry:

> "Mom45" entered room "Nude" with IP address "2601:381:8105:1e30:864:e60c:13ed:ea05" and Port: "49731" at 2016-12-23 06:39:22.978 UTC.

But the record did not stop there. Chatstep also included four additional entries tracking the use of IP ea05 from November 4, 2016, to February 19, 2017. The data showed the IP ea05 was also used on December 23, 2016, by "NudeMom" to enter room "yhheellzz; by "Mom45" to enter a chatroom called "Nude;" by "NudeMom45" to enter room "granmaas;" and, by "Missy" to enter room "Nude200."

We are aware that Chatstep provided law enforcement with similar information relating to the use of three other IP addresses not mentioned in Judge Lightle's search warrant. It is unclear to us through what process law enforcement obtained these records, but we know that Chatstep provided records involving the following IP address --- 2601:381:8105:1e30:459f:604:76e:*df58* (emphasis added for clarity); 2601:381:8105:1e30:8438:8cd8:e193:*5499*; and, 71.238.241.25. None of these IP addresses were mentioned in Kalmer's affidavit or the search warrant.

## II.

### A.

Officers executing a search warrant may not generally exceed the terms of the warrant in conducting the search. *Marron v. United States*, 275 U.S. 192 (1927). Unless an exception to the warrant requirement exists, evidence officers seize that a warrant does not authorize to be seized must be suppressed. See *United States v. Schroeder*, 129 F.3d 439 (8th Cir. 1997) (reversing district court's refusal to suppress evidence from trailer not listed in warrant); *United States v. Robbins*, 21 F.3d 297 (8th Cir. 1994) (error to refuse to suppress contents of wallet not mentioned as an item to be seized in the warrant).

### B.

Judge Lightle's warrant only authorized the seizure of records for the Chatstep account of Mom45 who entered a chatroom labeled Nude through port number 49823 using IP ea05 on December 23, 2016. Kalmer, however, seized all records from Chatstep relating to IP ea05. The records included the account information for screenname NudeMom, NudeMom45, and Missy. But Judge Lightle's warrant did not authorize the seizure of the account information for any user other than Mom45 who visited a chatroom called Nude on December 23, 2016.

In addition to this data extraneous to the warrant, Kalmer somehow obtained the account information for three other IP addresses. Chatstep sent Kalmer 25 pages of records for IP address 71.238.241.25 for a period of almost a year and a half – from March 30, 2015, to August 18, 2016; seven pages of records for IP d5f8 from November 4, 2016, to February 20, 2017; and, one page of data for IP 5499 from November 4, 2016, to February 20, 2017.

## III.

Warrants must be carefully drawn so that "[a]s to what is to taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. at 196. The Fourth Amendment demands particularity -- in the places to be searched and in the things to be seized. See *U.S. Const., amend IV*. In this case, Judge Lightle's warrant was particular: it limited the seizure to evidence located in a Chatstep account for a user named Mom45 using a specific IP address. But, Kalmer seized much more information from Chatstep, all of which should be suppressed as outside the authority of the warrant.

                      Respectfully submitted by,

                      /s/ J. Blake Hendrix\
                      J. Blake Hendrix\
                      Arkansas Bar No. 86066\
                      Fuqua Campbell P.A.\
                      Riviera Tower\
                      3700 Cantrell Road, Ste. 205\
                      Little Rock, AR 72202\
                      (501) 975-7123 (direct dial)\
                      bhendrix@fc-lawyers.com

                      and

                      /s/ Annie Depper\
                      Annie Depper\
                      Arkansas Bar No. 2009267\
                      Fuqua Campbell P.A.\
                      Riviera Tower\
                      3700 Cantrell Road, Ste. 205\
                      Little Rock, AR 72202\
                      (501) 975-7144 (direct dial)\
                      adepper@fc-lawyers.com